UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BARCELINO CONTINENTAL CORP.,<br><br>　　　　Defendant. | Case No. 19-cv-06684-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11; DEFENDANT'S COUNTER MOTIONS TO STRIKE AND FOR ATTORNEY FEES** |

　　　　Plaintiff's administrative motion in this ADA case seeks an order waiving the requirement under the Northern District's General Order 56 that settlement conferences must be conducted in-person, due to "the national coronavirus emergency" and the resulting shelter-in-place orders issued by "San Francisco, Marin, San Mateo, Contra Costa, Alameda, and Santa Clara Counties on March 16, 2020." (Dkt. No. 16 at 2-3.)  Defendant opposes the motion based on Plaintiff's counsel's conduct during a January 31, 2020 settlement conference, and also moves both "to strike hearsay statements" in Plaintiff's motion and for attorney's fees and costs associated with Plaintiff's "violation(s) of General Order 56." (Dkt. No. 17 at 1.)  After careful consideration of the parties' briefing, the Court DENIES Plaintiff's administrative motion because it fails to comply with Civil Local Rule 7-11(a), which requires that such motions include "either a stipulation under Civil L.R. 7-12 or . . . a declaration that explains why a stipulation could not be obtained."  Plaintiff's motion includes neither.  Further, Plaintiff is ORDERED TO SHOW CAUSE as to why he should not pay Defendant's attorney's fees "incurred in attending and participating in a site inspection and settlement conference . . . on January 31, 2020 in San Mateo, CA and in responding to [P]laintiff's [administrative] motion."  (*See* Dkt. No. 17 at 6.)

　　　　The Northern District's General Order 56 sets forth the procedural requirements for ADA

1  litigation. *See generally* General Order No. 56, Americans With Disabilities Act Access Litigation

2  (N.D. Cal.). General Order 56 requires a joint site inspection of the premises at issue and

3  provides, in pertinent part: "The joint site inspection shall be followed by an in-person settlement

4  meeting. The settlement meeting may occur at the same time and location as the joint site

5  inspection or may be scheduled separately, but not later than 35 days after the joint site

6  inspection." *Id.* at ¶ 8(a). Further: "Participation in the settlement meeting cannot be satisfied by

7  telephone, video conference, or exchanging letters, emails, or texts. *The parties themselves and*

8  *their counsel must be personally present*." *Id.* at ¶ 8(b) (emphasis added). Under the scheduling

9  order in this case, the parties were required to complete the joint site inspection of the premises,

10 "with or without meet-and-confer regarding settlement," by January 31, 2020. (Dkt. No. 5 at 1.)

11 There is no dispute that the parties conducted the requisite site inspection and a settlement

12 conference on that date.

13 Defendant's counsel, Eric Johnson, attests that Plaintiff's counsel, Amanda Seabock,

14 confirmed weeks prior to the January 31, 2020 site inspection and settlement conference that all

15 parties were required to attend in accordance with General Order 56. (*Id.* at 9 ¶ 3.) Mr. Johnson

16 attests that on January 31, 2020, he traveled from Seattle, Washington, Defendant's owner and

17 President (Sharam Sarei) traveled from San Rafael, California, and Defendant's expert (Richard J.

18 Halloran) traveled from San Francisco, California, to attend the scheduled inspection and

19 settlement conference in San Mateo, California. (*Id.* at 9 ¶ 4.) However, Plaintiff "was absent

20 without excuse" and the attorney who was present on Plaintiff's behalf, Jennifer McAllister, has

21 not formally appeared in this action. (*Id.* at 9-10 ¶¶ 6-9.)

22 Mr. Johnson attests that, despite Plaintiff's assertion otherwise, neither he nor his client

23 waived the requirement under General Order 56 that all parties and counsel personally appear at

24 the settlement conference. (*Id.* at 10 ¶ 9.) Simply put, Mr. Johnson's declaration indicates that

25 Defendant complied with the requirements under General Order 56 regarding the January 31 site

26 inspection and settlement conference and that Plaintiff did not. Accordingly, Plaintiff shall

27 respond to this Order by April 2, 2020 and explain why he should not pay Defendant's attorney's

28 fees incurred in attending the settlement conference and responding to Plaintiff's administrative

motion. In particular, Plaintiff must explain: (1) whether the parties agreed in advance that the settlement conference would be held in conjunction with the site inspection on January 31, 2020; and (2) the basis for Plaintiff's assertion that Mr. Johnson waived the requirement that Plaintiff personally appear at the settlement conference.

**IT IS SO ORDERED.**

Dated: March 26, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge