UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>             Plaintiff,<br><br>     v.<br><br>BARCELINO CONTINENTAL CORP.,<br><br>             Defendant. | Case No. 19-cv-06684-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF; DEFENDANT'S COUNTER-MOTION AND MOTION FOR ATTORNEY'S FEES** |

This is an Americans with Disabilities (ADA) access case. Plaintiff seeks an order requiring Defendant to schedule a video settlement conference to "allow the case to move forward." (Dkt. No. 22 at 2.) Defendant contends that Plaintiff's motion violates the Court's deadline that parties meet for a settlement conference by July 1, 2020, and that Plaintiff has demonstrated a "continued failure to reasonably respond to [Defendant's] efforts to address" the case's merits. (Dkt. No. 24 at 3-4.) Defendant moves this Court to lift any stay under the Northern District of California's General Order 56 prohibiting Defendant from filing a motion for summary judgment, and renews its request for attorneys' fees in the amount of $2,000 incurred in attending and participating in a site inspection and settlement conference on January 31, 2020 in San Mateo, California and in responding to Plaintiff's March 19, 2020 administrative motion, as well as for Plaintiff's violation of General Order 56. (*See* Dkt. Nos. 17; 24.) After careful consideration of the parties' briefing, and the parties' inability to resolve the case, the Court ORDERS that the parties schedule and conduct a video settlement conference in accordance with General Order 56 by August 31, 2020, and GRANTS Defendant's motion for attorneys' fees. (*See* Dkt. No. 17.)

General Order 56 sets forth the procedural requirements for ADA access litigation. *See generally* General Order 56, Americans with Disabilities Act Access Litigation (N.D. Cal.).

General Order 56 requires a joint site inspection of the premises at issue and provides, in pertinent part: "The joint site inspection shall be followed by an in-person settlement meeting. The settlement meeting may occur at the same time and location as the joint site inspection or may be scheduled separately, but not later than 35 days after the joint site inspection." *Id*. at ¶ 8(a). Further: "Participation in the settlement meeting cannot be satisfied by telephone, video conference, or exchanging letters, emails, or texts. *The parties themselves and their counsel must be personally present*." *Id*. at ¶ 8(b) (emphasis added). Under the scheduling order in this case, the parties were required to complete the joint site inspection of the premises, "with or without meet-and-confer regarding settlement," by January 31, 2020. (Dkt. No. 5 at 1.) There is no dispute that the parties conducted the requisite site inspection and a settlement conference on that date.

Defendant's opposition to Plaintiff's administrative motion and its request for attorneys' fees rests on Plaintiff's non-compliance with General Order 56 during the parties' January 31, 2020 settlement conference. Defendant's counsel, Eric Johnson, attests that Plaintiff's counsel, Amanda Seabock, confirmed weeks prior to the January 31, 2020 site inspection and settlement conference that all parties were required to attend in accordance with General Order 56. (Dkt. No. 24 at 10 ¶ 3.) Mr. Johnson states that on January 31, 2020, he traveled from Seattle, Washington, Defendant's owner and President (Sharam Sarei) traveled from San Rafael, California, and Defendant's expert (Richard J. Halloran) traveled from San Francisco, California, to attend the scheduled inspection and settlement conference in San Mateo, California. (*Id.* at 10 ¶ 4.) However, Plaintiff was "absent without excuse" and the attorney who was present on Plaintiff's behalf, Jennifer McAllister, had not formally appeared in this action. (*Id.* at 10 ¶¶ 5-6.) According to Mr. Johnson, neither he nor his client waived the requirement under General Order 56 that all parties and counsel personally appear at the settlement conference. (*Id.* at 11 ¶ 9.) Defendant contends that had "[Plaintiff] Mr. Love (and a counsel with authority and knowledge) appear[ed] at the settlement meeting on January 31, 2020, all of the present activity . . . could have been avoided." (Dkt. No. 24 at 2.)

Plaintiff asserts otherwise: "there was no agreement [with Defendant] that Mr. Love would be present [at the settlement conference]," and as such Plaintiff has not violated General Rule 56.

1   (Dkt. No. 20 at 4 ¶ 10.)  The attorney who attended the joint site inspect on behalf of Plaintiff,

2   Jennifer McAllister, states that "at no point in time [during the joint site visit] did Mr. Johnson

3   ever indicate that he had expected Mr. Love to be present that day or was told that Mr. Love

4   would be present by anyone at my firm[.]"  (Dkt. No. 20-2 at 3 ¶ 10.)  Ms. Seabock justified Mr.

5   Love's absence from the January 31, 2020 joint site inspection and settlement conference because

6   "[her] office has simply encountered far too many hostile situations where opposing counsel have

7   stoked anger at [] clients that manifests in person."  (Dkt. No. 20 at 4 ¶ 10.)

8         Where a party believes it would be "unsafe or otherwise inappropriate for a required

9   individual to appear in person at the settlement meeting," General Order 56 permits that party to

10  seek relief from the attendance requirement set out in Paragraph 8(b) "in the manner set forth in

11  Paragraph 3[.]"  General Order 56 ¶ 8(d).  Paragraph 3 requires that requests for relief from "the

12  requirements of [the] Order . . . may be made by stipulation and proposed order under Civil Local

13  Rule 7-12 or by filing a Motion for Administrative Relief under Civil Local Rule 7-11."  General

14  Order 56 ¶ 3.  Plaintiff's failure to file either a stipulation or motion for administrative relief

15  regarding Plaintiff's absence from the January 31, 2020 settlement conference constitutes a

16  violation of General Order 56, notwithstanding any argument that Defendant's counsel might have

17  waived the Order's requirements "that Mr. Love would be present."  (Dkt. No. 20 at 4 ¶ 10.)

18        "The purpose of General Order 56 is to provide efficient and cost-effective procedures for

19  parties to attempt to resolve disputes arising under the [ADA]."  *Johnson v. 162 Los Gatos-*

20  *Saratoga Rd., LLC*, No. 18-CV-04429-VKD, 2019 WL 1411524, at *1 (N.D. Cal. Mar. 28, 2019).

21  Where a party is non-compliant with General Order 56's procedures, the Court may exercise its

22  inherent authority to "fashion an appropriate sanction for conduct that abuses the judicial process."

23  *Id*. (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017)).  In *Johnson*,

24  the Court exercised this authority by sanctioning Plaintiff for failure to comply with its order that

25  extended General Order 56 deadlines, and who further—in response to an Order to Show Cause—

26  "offered no reasonable explanation for [the] failure to comply or his failure to timely seek relief

27  from those deadlines."  *Id.*  Accordingly, the unnecessary delay and burden imposed by the

28  plaintiff's lack of compliance with these deadlines, "coupled with his failure to identify any good

cause that would excuse this lack of compliance, warrant[ed] sanctions." *Id*. at *2.  Similar to *Johnson*, Plaintiff has failed to identify any good cause to excuse either the failure to file a stipulation or administrative motion exempting Plaintiff from attending the January 31, 2020 joint site inspection and settlement conference, or for why Ms. McAllister—an attorney who had not formally appeared in this action—was the attorney present at the January 31, 2020 inspection and settlement conference.  Plaintiff's argument that Mr. Johnson did not expect Plaintiff's presence at the joint site inspection and settlement conference is belied by Mr. Johnson's declaration, and fails to offer a reasonable explanation or good cause for Plaintiff's non-compliance with General Order 56.

Accordingly, Plaintiff is ORDERED to pay Defendant's attorneys' fees of $2,000 incurred in attending the parties' January 31, 2020 settlement conference as a sanction for Plaintiff's violation of General Order 56.  The Court DENIES Defendant's motion pursuant to Local Rule 7-11 to lift the stay General Order 56 imposes against discovery and motion filings, and instead ORDERS the parties to schedule and conduct a video settlement conference at which all parties attend as required by General Order 56 by August 31, 2020.  Plaintiff's payment of Defendant's attorneys' fees shall be remitted to Defendant by August 31, 2020.  Plaintiff shall file a declaration attaching proof of payment no later than September 8, 2020.

**IT IS SO ORDERED.**

Dated: July 31, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge