UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>    Plaintiff,<br><br>    v.<br><br>BARCELINO CONTINENTAL CORP.,<br><br>    Defendant. | Case No. 19-cv-06684-JSC<br><br>**ORDER RE: MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 48 |

Before the Court is Defendant Barcelino Continental Corp.'s motion for attorneys' fees and costs.[1] (Dkt. No. 48.)[2] After carefully considering the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the September 30, 2021 hearing, and DENIES the motion for the reasons explained below.

## BACKGROUND

Samuel Love brought claims for violations of the Americans with Disabilities Act ("ADA") and the California Unruh Act, seeking injunctive relief and statutory damages. (Dkt. No. 1 at 4–7.) He alleged that Defendant, a clothing store, failed to provide accessible sales counters and accessible writing surfaces, thus committing an act of discrimination the basis of disability in public accommodations.

The Court granted summary judgment on the ADA claim. (Dkt. No. 46.) The store's sales counter had a higher surface and a lower surface. The lower surface complied with ADA

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 11.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   Accessibility Guideline for Buildings and Facilities ("ADAAG") 904.4.1 because it was slightly
2   less than 36 inches high above the floor, more than 36 inches long, and about 10 inches in depth,
3   the same apparent depth as the higher surface. 36 C.F.R. § Pt. 1191, App. D, 904.4, 904.4.1.
4   Plaintiff contended that the higher surface was the true "sales counter," but produced no evidence
5   to contradict Defendant's evidence that salespeople make sales at any point on the floor using
6   portable machines. Thus, there was no genuine dispute of material fact as to whether the lower
7   surface was the sales counter for ADAAG purposes, and as to whether the lower surface complied
8   with ADAAG 904.4.1. Similarly, the store's lower surface did not violate ADAAG 904.3.3,
9   which requires establishments that have a check writing surface in a check-out aisle to provide an
10  accessible check writing surface. There was no evidence that the lower surface was a "check
11  writing surface" or that it was part of a "check-out aisle" within the meaning of the ADAAG. 36
12  C.F.R. § Pt. 1191, App. D, 904.3.3.
13       Because Plaintiff's Unruh Act claim was predicated entirely on the ADA claim, with no
14  additional factual allegations, the Court also granted summary judgment on the Unruh Act claim.
15  (Dkt. No. 46.) Judgment was entered in favor of Defendant. (Dkt. No. 47.) Defendant now seeks
16  $63,800 in attorneys' fees and $1,400 in costs as the prevailing party under California law or,
17  alternatively, the ADA; Plaintiff opposes. (Dkt. Nos. 48, 50, 53.)

**DISCUSSION**

**I.   California Civil Code Section 55**

Defendant first contends that a fee award is mandatory under California Civil Code Section 55. Section 55 is part of the California Disabled Persons Act ("CDPA"), which "generally guarantees people with disabilities equal rights of access to public places, buildings, facilities and services, as well as common carriers, housing and places of public accommodation." *Jankey v. Song Koo Lee*, 290 P.3d 187, 190–91 (Cal. 2012); *see* Cal. Civ. Code § 55. It is a bilateral fee statute, granting a mandatory right to fees to prevailing defendants as well as prevailing plaintiffs. *Jankey*, 290 P.3d at 191–92. Plaintiff counters that his complaint pleaded a cause of action not under the CDPA but under the Unruh Act, which authorizes fees only to prevailing plaintiffs and only in the Court's discretion. *See* Cal. Civ. Code § 52.1(i); *Jankey*, 290 P.3d at 192. Thus, there

is a dispute as to whether this case invokes Section 55 at all.

The Court need not reach that issue, however, because Section 55's mandatory fee provision is preempted by the ADA's narrower fee provision. *Kohler v. Presidio Int'l*, 782 F.3d 1064, 1070–71 (9th Cir. 2015); *see also Hubbard v. SoBreck, LLC*, 554 F.3d 742, 744–47 (9th Cir. 2009) ("We hold that to the extent that Section 55 does authorize the award of fees to a prevailing defendant on nonfrivolous CDPA state claims that parallel nonfrivolous ADA claims, there is a conflict and the ADA preempts Section 55 of the CDPA," *id.* at 747). Although the California Supreme Court has reached a contrary conclusion, this Court is bound by Ninth Circuit law reaffirming that the ADA preempts Section 55. *Jankey*, 290 P.3d at 192–98 (holding that ADA does not preempt Section 55); *see Kohler*, 782 F.3d at 1071 & n.4 (rejecting *Jankey* and reaffirming *Hubbard*); *Local Union 598, Plumbers & Pipefitters Industry Journeyman & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1218 (9th Cir. 1988) ("Preemption is a question of federal law involving statutory interpretation . . . ."). Defendant cannot recover fees under Section 55 to the extent it conflicts with the ADA. Thus, the Court analyzes the fee request under the ADA, which is Defendant's alternative basis for the motion.

## II. ADA

The ADA is also a bilateral fee statute, vesting the Court with discretion to award attorneys' fees to a "prevailing party." 42 U.S.C. § 12205. While the statutory language does not distinguish between plaintiffs and defendants, the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Kohler v. Bed Bath & Beyond of Cal., LLC* ("*Bed Bath & Beyond*"), 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418–19 (1978)). Thus, fees may be awarded to a prevailing defendant only if the case was "frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422. "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). "[D]istrict courts should not engage in *post hoc* reasoning, awarding fees simply because a plaintiff did not ultimately prevail. This admonition applies even in cases which are resolved at summary

3

judgment . . . ." *Bed Bath & Beyond*, 780 F.3d at 1266–67 (internal quotation marks and citation omitted).

Plaintiff's theory was that certain ADAAG regulations applied based on the factual context of Defendant's store: that ADAAG 904.4.1 applied to the higher surface as the true sales counter, and that ADAAG 904.3.3 applied to the lower surface as a check writing surface. His arguments, though they lacked enough evidence to create a genuine dispute, were not "wholly without merit." *Galen*, 477 F.3d at 666. "Many cases take this form, and it would cheapen the meaning of 'frivolous' to label them all as such." *Watson v. Cnty. of Yavapai*, 240 F. Supp. 3d 996, 1001 (D. Ariz. 2017). When, as here, claims are not clearly resolved by Ninth Circuit case law interpreting the ADA, plaintiffs are "entitled to bring [] suit to seek resolution of these questions. The law grows with clarity for benefit of the public through such actions even if they are not successful." *Bed Bath & Beyond*, 780 F.3d at 1267.

Defendant's suggestion that Plaintiff and his counsel's litigation tactics alone make this action frivolous is foreclosed by Ninth Circuit law. "For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) (citation omitted).

Accordingly, because Plaintiff's ADA claims were not frivolous, unreasonable, or groundless, Defendant is not eligible for attorneys' fees (or costs) under the ADA. 42 U.S.C. § 12205.

**CONCLUSION**

Defendant's motion is DENIED and the September 30, 2021 hearing is VACATED.

This Order disposes of Docket No. 48.

**IT IS SO ORDERED.**

//

//

//

4

Dated: September 23, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge